UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

ANDRE J. LUCAS,

    Plaintiff,

V.

H. JOYNER, et al,

    Defendants.

Civil Action No. 7: 21-31-KKC

**MEMORANDUM OPINION AND ORDER**

\*\*\* \*\*\* \*\*\* \*\*\*

Federal inmate Andre Lucas has filed a *pro se* complaint asserting civil rights claims against federal officials pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). [R. 1] The Court has granted his motion to proceed *in forma pauperis* by prior Order. This matter is before the Court to conduct the preliminary screening required by 28 U.S.C. §§ 1915(e)(2), 1915A. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).

In his complaint, Lucas indicates that in April 2020 he was confined in the segregation unit at the federal penitentiary in Inez, Kentucky. [R. 1 at 4] While officers were doing rounds, his cellmate handed an officer a note. Shortly thereafter, several guards returned to the cell and told both Lucas and his cellmate to "cuff up." Lucas alleges that both men complied. However, the guards yelled to other officers that the inmates were fighting and refused to comply with orders, and then repeatedly sprayed the inmates with mace. Lucas further alleges that officers then entered the cell, kicked him in the head, and applied restraints. The guards then took Lucas to the recreation yard where he was sprayed with water to rinse off any residual mace. *Id*. at 4-6.

Several officers then took Lucas back to the segregation unit and ordered him to stand by the back wall and get on his knees. Lucas states that he was compliant and respectful, but that several officers nonetheless kicked him, punched him, and used racial slurs. The officers then reapplied restraints, including a belly chain, which Lucas states were too tight. Lucas was then placed in a holding cell for the next ten hours. During this time he complained to officers that his restraints were too tight and restricted his breathing, and talked with a nurse regarding an injury to his eye. Lucas was charged with a disciplinary infraction for fighting, but he does not indicate the disposition of that charge. [R. 1 at 6-8]

Three months later in July 2020, Lucas filed an informal grievance regarding these events. [R. 1-1 at 2] Lucas did not file a formal grievance with the warden until September 2020. [R. 1-1 at 2-6] The warden responded in October 2020 that Lucas's allegations of staff misconduct would be investigated; that the grievance was denied for administrative purposes; and that Lucas should appeal if he was not satisfied with the response. [R. 1-1 at 1]

Lucas, who asserts that he had not received the warden's response by November 2020, appealed to the Mid-Atlantic Regional Office ("MARO"). MARO rejected that appeal on procedural grounds on November 14, 2020. Lucas states that after he received the warden's denial on November 19, 2020, he then appealed to MARO a second time on December 28, 2020. [R. 1-1 at 8-12] MARO rejected that appeal on numerous grounds on January 12, 2021. MARO noted that Lucas's filing included too many continuation pages and, because Lucas had been transferred in the interim to a federal prison in Illinois, he was required to re-file his appeal in the Regional Office assigned to his current place of confinement. [R. 1-1 at 7] Instead of correcting these deficiencies, on February 8, 2021 Lucas appealed to the BOP's Central Office. [R. 1-1 at 14-20] The Central Office rejected that appeal on March 5, 2021, and directed Lucas to follow the

directions given by MARO to address the deficiencies it identified. [R. 1-1 at 13] Instead, Lucas filed suit in this Court shortly thereafter. [R. 1 at 14]

The Court has thoroughly reviewed the complaint and the materials filed in support of it, but concludes that it must be dismissed for failure to exhaust administrative remedies fully and properly. Federal law requires inmates to utilize administrative remedies available at the prison before filing suit. 42 U.S.C. § 1997e(a). Those procedures must be utilized in their entirety before suit may be filed, and the prisoner must comply in all respects with the agency's claims processing rules. *Woodford v. Ngo*, 548 U.S. 81, 92-94 (2006).

The BOP's Administrative Remedy Program is described in Program Statement 1330.18 (Jan. 6, 2014). Before filing a formal grievance, the prisoner must give prison staff the chance to correct the problem themselves by presenting his complaint informally in a Form BP 8½. 28 C.F.R. § 542.13(a). Regardless of whether this informal process is successful, within 20 days of the events complained of the inmate must file a formal grievance with the warden on a Form BP-229. 28 C.F.R. § 542.14(a). The warden must decide the grievance within 20 days, but may grant himself an additional 20 days to respond. 28 C.F.R. § 542.18. If the Warden does not grant the prisoner the relief he requests, the prisoner must appeal by filing a Form BP-230 with the Regional Director within 20 days after the warden's denial. 28 C.F.R. § 542.15(a). The Regional Director must decide the appeal within 30 days, but may grant himself an additional 30 days to respond. 28 C.F.R. § 542.18. If the Regional Director does not grant the prisoner the relief he requests, the prisoner must appeal by filing a Form BP-231 with the Office of General Counsel within 30 days after the Regional Director's denial. 28 C.F.R. § 542.15(a). The Office of General Counsel must decide the appeal within 40 days, but may grant himself an additional 40 days to respond. 28 C.F.R. § 542.18.

3

Pertinent here, if the BOP rejects a grievance or appeal because of procedural defects and does not afford the prisoner the opportunity to correct them, the prisoner may immediately appeal the rejection to the next level. However, if the BOP does give the inmate the opportunity to correct the errors, the prisoner must make the necessary corrections and refile the grievance or appeal. 28 C.F.R. § 542.17(a)-(c). In this instance, MARO advised Lucas that he had filed his appeal in the wrong Regional Office and directed him to "file your appeal in the region you are attached." When Lucas chose not to do so and instead appealed, the Central Office rejected his appeal and advised Lucas that he must "follow directions provided on prior rejection notices." [R. 1-1 at 7, 13] Lucas again refused, and filed suit in this Court. This he may not do. *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999) (citations omitted); *Liggett v. Mansfield*, 2009 WL 1392604, at *2-3 (E.D. Tenn. May 15, 2009) ("A prisoner who files a grievance but does not appeal to the highest possible administrative level, does not exhaust available administrative remedies.") (*citing Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999)).

Because Lucas's failure or refusal to fully and properly exhaust his administrative remedies prior to filing suit is evident from his complaint, the Court will dismiss this case. *Cf. Fletcher v. Myers*, No. 5:11-141-KKC (E.D. Ky. May 17, 2012), *aff'd*, No. 12-5630 (6th Cir. Jan. 4, 2013) ("Because Fletcher's failure to exhaust, or to attempt to exhaust, administrative remedies is apparent from the face of his complaint, the district court properly dismissed Fletcher's complaint on that basis."). The complaint will be dismissed "without prejudice," meaning that Lucas may file a new complaint if and when he properly completes the BOP's administrative remedy process.

Accordingly, it is **ORDERED** as follows:

1. Lucas's complaint [R. 1] is **DISMISSED** without prejudice.

2. This matter is **STRICKEN** from the docket.

Entered: January 26, 2022.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY